NOT DESIGNATED FOR PUBLICATION

No. 123,678

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN BRENDAN WRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed December 10, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: John Brendan Wright appeals the district court's decision to revoke his probation. We granted Wright's motion for summary disposition instead of briefs under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State did not respond to the motion. We find the district court did not abuse its discretion in revoking Wright's probation, so we affirm.

In April 2018, Wright pleaded no contest to (1) reckless aggravated battery, in violation of K.S.A. 2017 Supp. 21-5413(b)(2)(B), a severity level 8 person felony; (2) criminal threat, in violation of K.S.A. 2017 Supp. 21-5415(a)(1), a severity level 9 person

1

felony; (3) criminal possession of a firearm in violation of K.S.A. 2017 Supp. 21-6304(a)(2), a severity level 8 nonperson felony; (4) fleeing or attempting to elude a police officer in violation of K.S.A. 2017 Supp. 8-1568(b)(1)(C), a severity level 9 nonperson felony; and (5) interference with a law enforcement officer in violation of K.S.A. 2017 Supp. 21-5904(a)(3), a severity level 9 nonperson felony. The district court accepted Wright's no-contest pleas.

At the sentencing hearing, the district court found Wright's criminal history score to be C and sentenced him to a controlling 24-month imprisonment followed by 12 months' postrelease supervision. The district court then suspended Wright's sentence and placed him on probation for 18 months.

In July 2019, Wright agreed to serve a three-day jail sanction for (1) failing two separate drug tests, (2) using drugs four times, and (3) twice being unable to produce a urine analysis. In December 2019, Wright agreed to a 12-month probation extension to enable him to complete drug treatment and pay court costs and fees.

In June 2020, the State charged Wright with two new cases to which he entered pleas: (1) driving under the influence, second offense; and (2) criminal threat, interference with a law enforcement officer, and possession of methamphetamine. As a result, Wright's intensive supervision officer filed an affidavit with the district court alleging Wright had violated the conditions of his probation in this case.

In June 2020, the district court held a hearing to address probation revocation in this case and to accept a guilty plea in the 2020 criminal case involving criminal threat, interference with a law enforcement officer, and possession of methamphetamine. According to Wright's attorney, this crime occurred about two days after the district court had extended Wright's probation to attend treatment and pay court costs and fees.

The district court then addressed the probation violation in this case. It first ordered the State to file a motion alleging Wright violated his probation by committing a new offense and any other violations the State sought to allege against Wright. But first, the district court held a revocation hearing solely on the allegation that Wright had violated his probation by committing a new offense. Rather than require the State to prove its case, Wright stipulated that he had violated his probation by committing a new crime.

The district court accepted Wright's stipulation and found he violated his probation under the new-crime exception permitting immediate revocation under K.S.A. 2017 Supp. 22-3716(c)(8)(A). The district court scheduled a sentencing hearing to make a final sentencing disposition for both cases.

Before the sentencing hearing, Wright moved for a modified underlying sentence of 18 months' jailtime in this case. At the sentencing hearing, the district court heard argument on that motion and on a motion for departure in the new case. The district court imposed a durational departure on the controlling count in Wright's 2020 case. But, for this case, the district court denied Wright's request and ordered him to serve his underlying 24-month sentence, noting: "It was a very precarious and dangerous situation that [Wright] placed multiple law enforcement officers in, and [his] family too." Because the district court revoked Wright's probation and denied his modification request, Wright had to finish serving his original 24-month sentence.

Wright did not timely appeal, but we reach this issue under Kansas Supreme Court Administrative Order 2021-PR-009, effective January 26, 2021, which suspended filing deadlines because of the COVID-19 global pandemic.

In his motion for summary disposition, Wright argues the district court abused its discretion in revoking his probation upon his guilty plea and stipulation to committing a

3

new crime while on probation. Wright argues no reasonable person would agree with the court's decision. Wright insists a reasonable person would have acknowledged that he would benefit from a chance to get sober or to receive mental health services.

We review the district court's revocation of an offender's probation for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party arguing the district court abused its discretion bears the burden of showing such an abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The district court relied on the first exception to intermediate sanctions under the revocation statute, finding Wright stipulated to and pleaded guilty to criminal threat, interference with a law enforcement officer, and possession of methamphetamine. Because Wright does not argue that the district court committed an error or law or fact, we review only whether the district court acted arbitrarily, fancifully, or unreasonably. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Wright's admission to committing a new felony or misdemeanor while on probation is enough for the district court to revoke his probation, without more. See *State v. Kyles*, No. 112,430, 2015 WL 5613265, at *4 (Kan. App. 2015) (unpublished opinion). Although up to the court's reasonable discretion, a district court often revokes an offender's probation once the offender stipulates or pleads guilty to committing a new crime while on probation. See *State v. Stevenson*, No. 123,454, 2021 WL 4228759, at *2 (Kan. App. 2021) (unpublished opinion); *State v. Mork*, No. 121,824, 2020 WL 4556775, at *1-2 (Kan. App. 2020) (unpublished opinion).

After hearing Wright's brief argument for modifying his sentence and upon consideration of the facts and circumstances involved, the district court denied Wright's request based on the dangerous situation Wright created in 2017, leading to his arrest and subsequent criminal charges.

Our review of the record shows that Wright committed multiple instances of criminal threat as well as interference with law enforcement officers. A reasonable person could thus agree with the district court's decision to revoke Wright's probation. The district court did not abuse its discretion. See *Mosher*, 299 Kan. at 3-4.

Finding no error, we affirm.